# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STAR INSURANCE COMPANY, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. CIV-19-960-D |
| | ) |
| K&J TELECOMMNICATIONS, LLC, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## O R D E R

Before the Court is Plaintiff Star Insurance Company's Motion to Strike [Doc. No. 20], asking the Court to strike Defendant Shirley Stanford's second and third affirmative defenses. The Motion was filed on February 20, 2020. It remains unopposed.

## BACKGROUND

This is an action at law for a declaratory judgment. See Complaint [Doc. No. 1]. Plaintiff seeks the Court's declaration as to whether a certain policy for excess insurance affords coverage to Defendants K&J Telecommunications and Joyce Holladay, as insureds, and Defendant Stanford, as a contingent claimant. In her Answer, [Doc. No. 12], Defendant Stanford asserts estoppel and laches as her second and third affirmative defenses.

## STANDARD OF DECISION

Under the local rules, "[e]ach party opposing a motion shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21

days may, in the discretion of the court, be deemed confessed." LCvR7.1(g). Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike, among other things, "an insufficient defense." FED. R. CIV. P. 12(f). Although such motions are generally disfavored and infrequently granted, whether to grant a motion to strike rests within the sound discretion of the court. *Scherer v. United States Dep't of Educ.,* 78 Fed. Appx. 687, 689 (10th Cir. 2003); *accord Burget v. Capital W. Sec., Inc*., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009).

## DISCUSSION

Movant's unopposed contention is that the doctrines of both estoppel and laches have no applicability in actions at law. Oklahoma law supports its position. "[L]aches is not a defense to an action at law. 'And this is the general rule.'" *Short v. Am. Biomedical Grp., Inc.,* 60 P.3d 518, 520 (Okla. 2002) (quoting *Van Antwerp v. Schultz*, P.2d 1034 (Okla. 1950)). In her pleadings, Defendant Stanford asserts estoppel on the grounds that Plaintiff failed to timely bring this action. *See* Answer at 5 ("Plaintiff is estopped from bringing this cause of action based on the failure to timely deny coverage and/or bring this action"). Estoppel by laches is likewise a "purely equitable doctrine." *See Dunavant v. Evans*, 127 P.2d 190, 193 (Okla. 1942); *see also Burtrum v. Gomes*, P.2d 717, 717 (Okla. 1952) ("[L]aches though a good defense in equity is not a defense at law.").

## CONCLUSION

Plaintiff's motion has been deemed confessed. There are no unresolved questions of fact, all questions of law are clear, and under no set of circumstances could these defenses succeed in this action at law.

IT IS THEREFORE ORDERED that, pursuant to FED. R. CIV. P. 12, Plaintiff's Motion to Strike [Doc. No. 20] is GRANTED.  Defendant Stanford's second and third affirmative defenses are hereby STRICKEN from her Answer.

**IT IS SO ORDERED** this 10th day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge